IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE PUGLISI, | ) | |
| | ) | |
| Plaintiff, | ) | No.  05 C 6592 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| CENTERPOINT PROPERTIES, | ) | Magistrate Judge Levin |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE TO BAR EXPERT TESTIMONY

Defendant CenterPoint Properties Trust ("Defendant"), by its attorneys, respectfully submits this motion in limine to bar Plaintiff Catherine Puglisi ("Plaintiff") from presenting any expert evidence or testimony.  In support of this motion, Defendant states as follows:

### Argument

Plaintiff should be barred from presenting any expert evidence of testimony pursuant to Rule 26(a)(2) and 37(c) of the Federal Rules of Civil Procedure because Plaintiff did not disclose any expert testimony.

Rule 26(a)(2) requires that parties disclose the identity of any person who may be used at trial to present expert testimony or evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  In addition, an expert report must accompany the disclosure of any expert witness who is retained to provide expert testimony.  Fed. R. Civ. P. 26(a)(2).  Further, Rule 37(c)(1) states, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). The exclusion of non-disclosed evidence under Rule 37(c)(1) is automatic and mandatory unless the non-disclosure was justified or harmless. Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004).

Formal disclosure of experts is necessary to allow a party to properly prepare for trial. Musser, 356 F.3d at 757. A party should not be required to assume that each witness disclosed by the other party could be an expert witness at trial. Id. Moreover, the failure to disclose experts is prejudicial because it prohibits the opposing party from taking countermeasures such as moving to disqualify the expert testimony or retaining rebuttal experts. Id. at 757-78.

Treating physicians must be designated as experts if they are to provide expert testimony. Musser, 356 F.3d at 758. Accordingly, if a party fails to designate a treating physician as an expert, expert evidence should be automatically excluded unless the non-disclosure was justified or harmless. Id.; Buffone v. Rosebud Rest., Inc., No. 05 C 5551, 2006 U.S. Dist. LEXIS 58994 (N.D. Ill. Aug. 21, 2006). In Musser, the Seventh Circuit upheld the district court's finding that the failure to disclose expert testimony lacked substantial justification. Musser, 356 F.3d at 758. The plaintiff claimed that it believed that disclosing a witness was the same as disclosing an expert witness. Id. The court found that a misunderstanding of the law did not constitute a substantial justification, and therefore excluded expert testimony from the plaintiff's treating physicians. Id. at 758-59.

A treating doctor is providing expert testimony if the testimony consists of opinions based on scientific, technical or other specialized knowledge, regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation. Musser, 356 F.3d at 757. Here, discovery closed on June 4, 2007. At no time has the Plaintiff designated

any expert witness, either pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, in the pre-trial order, or in her responses to Defendant's interrogatories.[1]

Plaintiff has indicated that she may call four of Plaintiff's treating physicians, Dr. Tanmoy Chandra, Dr. James Nikoleit, Dr. Syed Ali, and Dr. Jacques Jentel. Plaintiff has not specified what, if anything, the treating physicians would testify about. Plaintiff appears to claim that she suffered emotional distress and other physical and/or mental conditions as a result of Defendant's alleged actions. While no physician has opined and no records have been produced that suggest that Plaintiff's emotional and/or physical conditions were caused by any of Defendant's actions,[2] Defendants seek to ensure that Plaintiff is not permitted to use the physicians to testify as to their diagnoses, treatment regimens, or causation, all of which are matters based on their "specialized knowledge" and therefore matters falling within scope field of "expert testimony." Such testimony must be prohibited due to non-disclosure.

Plaintiff has not offered any justification for her failure to designate the aforementioned physicians as experts. Moreover, Defendant would be prejudiced if Plaintiff were permitted to present expert testimony regarding Plaintiff's medical and/or emotional conditions because it will not have had the opportunity to challenge the expert testimony, nor has Defendant had the opportunity to obtain rebuttal experts. Because Plaintiff has not disclosed any of these treating

---

[1]     Indeed, Defendant specifically requested that Plaintiff "[i]dentify the name and address of each person whom Plaintiff may call as an expert witness at trial." Def.'s First Set of Interrogatories, p. 9, attached hereto as Exhibit A. In response, Plaintiff stated that she would "disclose any expert witnesses consistent with any order the Court may enter with respect to expert witnesses and/or pursuant to the Federal Rules of Civil Procedure." Pl.'s Obj. & Resp. to Def.'s First Set of Interrogatories, p. 8, attached hereto as Exhibit B. Despite this statement, Plaintiff did not make any disclosure.

[2]     Undeniably, Plaintiff's testimony and the records of several of the physicians confirm that Plaintiff's emotional and/or physical conditions and disorders are longstanding and preceded Plaintiff's employment with Defendant.

physicians as experts and has not provided a "substantial justification" for her failure to do so,

Plaintiff should be barred from presenting any expert testimony.

WHEREFORE, Defendant CenterPoint Properties Trust respectfully requests that this

Court bar Plaintiff from presenting any expert evidence or testimony.

Dated: January 10, 2008.

CENTERPOINT PROPERTIES
Defendant,

By:      /s/ Margaret C. Curtiss
          One of Its Attorneys

John P. Morrison
Margaret C. Curtiss
Bell, Boyd & Lloyd LLP
70 West Madison, Suite 3100
Chicago, IL 60602
312-807-4258 (phone)
312-827-8134 (fax)

## CERTIFICATE OF SERVICE

I, Margaret C. Curtiss, an attorney, hereby certify that I electronically filed Defendant CenterPoint Properties' Motion in Limine to Bar Expert Testimony with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> Jill Weinstein
> Pedersen & Weinstein LLP
> 309 W. Washington, Suite 1200
> Chicago, IL 60606

this 10th day of January, 2008

> _____ /s/ Margaret C. Curtiss _____
> Margaret C. Curtiss

579467/C/2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CATHERINE PUGLISI,          )
                             )
        Plaintiff,         )   No. 05 C 6592
                             )
       v.               )   Judge Shadur
                             )
CENTERPOINT PROPERTIES,   )   Magistrate Judge Levin
                             )
        Defendant.     )

## DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF CATHERINE PUGLISI

Defendant Centerpoint Properties, by and through its counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests Plaintiff Catherine Puglisi to answer the following interrogatories under oath within thirty (30) days of service.

### DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiff" as used herein means Catherine Puglisi and her agents, representatives, and attorneys.

2.    "Defendant" as used herein means Centerpoint Properties, any or all of its predecessors, affiliates, holding companies, related companies, successors, officers, partners, directors, employees, agents and all other persons acting on its behalf, both past and present.

3.    These Interrogatories shall be answered in writing, signed under oath or solemn affirmation of the Plaintiff, and served on the Defendant within thirty (30) days after they are served on Plaintiff.

4.    Answers to these Interrogatories shall be responsive to the date on which said answers are served on the Defendant and shall be continuing in character and require the service



(d)     Whether and when an offer extended;

(e)     Brief description, title and salary of position offered;

(f)     If the position was declined, the reason therefor;

(g)     Identify all documents relating to the foregoing answers.

ANSWER:

INTERROGATORY NO. 8:   Identify the name and address of each person whom Plaintiff may call as an expert witness at trial.   With respect to each such expert, state the following:

(a)     The expert's educational background;

(b)     The expert's employment and other professional history;

(c)     A complete statement of all opinions formed by the expert, the bases and reasons therefor, and the data or other information considered by the expert in forming his or her opinions;

(d)     Any exhibits to be used as a summary of or support for the opinions;

(e)     The expert's qualifications, including a list of all publications authored within the preceding ten years;

(f)     The compensation paid or to be paid for the expert's study and testimony; and

(g)     A listing of any other cases in which the expert has testified at trial or by deposition within the preceding four years.

(h)     Identify all documents relating to the foregoing answers.

ANSWER:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE PUGLISI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 6592 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| CENTERPOINT PROPERTIES, | ) | Magistrate Judge Levin |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Catherine Puglisi, by and through her attorneys, Pedersen & Weinstein LLP,

submits the following objections and responses to Defendant's First Set of Interrogatories to

Plaintiff:

### PRELIMINARY STATEMENT

1.     Plaintiff makes these responses subject to the reservation of her right to object to

the introduction into evidence, in this or any other action, of any of the information or material

contained herein or produced hereunder on any ground, including, but not limited to, relevancy,

materiality, hearsay and authenticity.

2.     Plaintiff objects to the "Definitions" and "Instructions" set forth in Defendant's

First Set of Interrogatories Directed to Plaintiff Catherine Puglisi ("Defendant's Interrogatories")

to the extent they purport to impose any obligation different from or in addition to those provided

in the Federal Rules of Civil Procedure.

3.     Plaintiff assumes that Defendant's Interrogatories are not intended to reach

privileged communications or attorney work product, and to the extent that Defendant's

Interrogatories cover any such documents or information, Plaintiff objects to producing it.

EXHIBIT

B

PENGAD 800-631-6989

Granite, and Optimum Nutrition. At each of these companies, Plaintiff interviewed for a receptionist position.

Plaintiff is seeking through her own discovery information regarding whether her inability to secure employment is a result of Defendant's conduct in responding to formal or informal reference inquiries. Plaintiff further states that additional details regarding her job search are found in documents labeled Puglisi 0011 – 0104. Documents 0099 through 0104 are some of the companies Plaintiff has contacted as part of her job search. Although these documents include specific dates, Plaintiff notes herein that these dates are only approximations of when Plaintiff was in contact with the companies. Investigation continues.

INTERROGATORY NO. 8: Identify the name and address of each person whom Plaintiff may call as an expert witness at trial. With respect to each such expert, state the following:

    (a)    The expert's educational background;
    (b)    The expert's employment and other professional history;
    (c)    A complete statement of all opinions formed by the expert, the bases and reasons therefor, and the data or other information considered by the expert in forming his or her opinions;
    (d)    Any exhibits to be used as a summary of or support for the opinions;
    (e)    The expert's qualifications, including a list of all publications authored within the preceding ten years;
    (f)    The compensation paid or to be paid for the expert's study and testimony; and
    (g)    A listing of any other cases in which the expert has testified at trial or by deposition within the preceding four years.
    (h)    Identify all documents relating to the foregoing answers.

ANSWER: Plaintiff objects to this request as premature, vague and overly broad.

Subject to and without waiving these objections, Plaintiff will disclose any expert witnesses consistent with any order the Court may enter with respect to expert witnesses and/or pursuant to the Federal Rules of Civil Procedure.

INTERROGATORY NO. 9: Identify any physical, mental or emotional condition or impairment which Plaintiff claims to have suffered as a result of Defendant's alleged gender