```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

CATHERINE PUGLISI,             )
                               )
               Plaintiff,      )
                               )
     v.                        )    No. 05 C 6592
                               )
CENTERPOINT PROPERTIES,        )
                               )
               Defendant.      )

## MEMORANDUM ORDER

In accordance with the revised timetable established by an extension of the schedule that had been set during the conference in which the parties' jointly-submitted Final Pretrial Order was discussed and then entered by this Court, each party has filed a number of motions in limine.  Responses to those motions are due on February 6, and this Court anticipates dealing with the motions in good time thereafter.

There is however one exception, as to which no response is required from plaintiff Catherline Puglisi ("Puglisi"): Defendant's Motion in Limine To Bar Plaintiff from Testifying That She Suffers from Depression.  In that motion defendant CenterPoint Properties Trust ("CenterPoint") asserts that any such testimony by Puglisi "constitutes expert testimony and must therefore be excluded pursuant to Rule 26(a)(2) and 37(c) of the Federal Rules of Civil Procedure because plaintiff did not disclose any experts."

In candor, that is arrant nonsense.  Nothing bars Puglisi

from testifying as to the impact that CenterPoint's firing her has had on her emotionally, including (if it is so) that she feels depressed. No rational jury would consider that testimony as an "expert" opinion,[1] and counsel for CenterPoint are free to take whatever risks of the jury's perception of them might be triggered by cross examination on the subject to negate Puglisi's standing as an "expert."

Somewhat astonishingly, CenterPoint's lawyers have used this groundless motion as the leadoff hitter in their seven motion lineup, heedless of any possible collateral effect from the impression that it creates. Motions of this nature seem to reflect the lawyer's unawareness of the principle embodied in the phrase noscitur a sociis, though this Court will resist any temptation to apply it to any of CenterPoint's other motions that are better advised. In the meantime, this motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 15, 2008

---

[1] As the parties are no doubt aware, this Court does not permit the term "expert" to be used in conjunction with Fed. R. Evid. 702 testimony (see both (1) the Advisory Committee Notes to that Rule, which were drafted by this Court as a member of that Advisory Committee and Professor Daniel Capra as reporter to that Committee and (2) Instruction 1.21 of the Federal Civil Jury Instructions of the Seventh Circuit (prepared by the Committee on Pattern Civil Jury Instructions)).