**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE PUGLISI, | ) | |
| | ) | |
| Plaintiff, | ) | No.  05 C 6592 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| CENTERPOINT PROPERTIES, | ) | Magistrate Judge Levin |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO BAR EXPERT TESTIMONY**

Plaintiff, Catherine Puglisi, by her attorneys, Pedersen & Weinstein LLP, respectfully submits *Plaintiff's Response in Opposition to Defendant's Motion in Limine to Bar Expert Testimony*.

**I.     Introduction**

Defendant filed a motion in limine to bar Plaintiff from presenting any expert evidence or testimony at trial, arguing that Plaintiff did not disclose an expert or produce an expert report pursuant to Fed. R. Civ. P. 26(a)(2).  Although Plaintiff has identified three[1] of her treating physicians as potential witnesses, these physicians would be called simply to testify about knowledge they acquired as treating physicians.  Accordingly, as this Court has previously held, Plaintiff was not required to provide expert reports under Rule 26(a)(2).  *Sircher v. City of Chicago,* 1999 U.S. Dist. Lexis11869, *6 (N.D. Ill. 1999)(a witness whose proposed opinion testimony will come from his knowledge acquired as a treating physician is not someone from whom a Rule 26(a)(2)(B) formal report is required).  As discussed in more detail below, exclusion of testimony

---

[1] Defendant mistakenly states that Plaintiff indicated that she may call four of her treating physicians to testify, including Dr. Syed Ali. (Defendant's Motion p. 3)  However, Dr. Ali is not on Plaintiff's witness list.

from Plaintiff's treating physicians under Rule 37(c) is unwarranted. Defendant's motion should be denied.

## II. Plaintiff's Doctors' Testimony Will Be Based On Knowledge Acquired As Treating Physicians

Plaintiff seeks compensatory damages for the emotional distress she experienced as a result of Defendant's unlawful conduct. She intends to testify that as a result of the harassment and retaliation she experienced, as well as being fired and out of work for over two years, she experienced embarrassment, humiliation, anger, low self-confidence, low self-esteem, depression, loss of sleep, as well as financial stress. Plaintiff may call Dr. Nikoleit and/or Dr. Jentel to testify as to the treatment of the stress and depression Plaintiff experienced over losing her job.[2] These doctors were disclosed to Defendant during discovery as treating physicians, their records were produced in discovery, and Defendant deposed Dr. Jentel.[3]

Additionally, Plaintiff's emotional distress manifested itself through the exacerbation of an eating disorder. More specifically, Plaintiff has had an eating disorder since she was a teenager, but for the most part she had the symptoms under control until after she was fired by Defendant. Following her unlawful termination, Plaintiff sought and received medical and psychological treatment for her eating disorder and she intends to offer this evidence at trial

---

[2] Defendant contends that no medical testimony or records have been produced which suggest that Plaintiff's emotional and/or physical conditions were caused by any of Defendant's actions. (Defendant's Motion p. 3) This is demonstrably false. As just one example, medical records from Dr. Nikoleit state, "stress and depression over losing her job" and "[s]he is concerned about losing the job, losing the money" and note a resulting increase in the dosage of an antidepressant Plaintiff was taking. In any event, Defendant has not moved to exclude the testimony on this basis.

[3] In the Final Pretrial Order and at the Final Pretrial Conference, Defendant argued that Drs. Nikoleit and Chandra should be precluded from testifying at trial because they were not disclosed during discovery. The Court did not exclude these witnesses based on Defendant's objections, but instead allowed Defendant to depose these doctors. Defendant subsequently deposed Dr. Chandra, but not Dr. Nikoleit.

through her own testimony and possibly the testimony and records from Dr. Tanmoy Chandra, who she saw regarding the eating disorder. Defendant has all of Plaintiff's records from Dr. Chandra and has taken his deposition. If called as a witness at trial, Dr. Tanmoy's testimony would be based on observations he made during the course of his treatment of Plaintiff and based on his personal knowledge.

In sum, none of Plaintiff's doctors' testimony was acquired or developed in anticipation of litigation or for trial. Instead, any and all testimony would be based only in connection with knowledge they acquired as Plaintiff's treating physicians.

### III. There Was No Failure To Disclose Under Fed. R. Civ. P. 26(a)(2)

Defendant contends that expert testimony should be excluded pursuant to Fed. R. Civ. P. 37(c)(1) because Plaintiff did not disclose any experts or reports under Rule 26(a)(2). (Defendant's Motion p. 1). However, because Plaintiff would only call the physicians in question as treating physicians, an expert disclosure was not required. *See Zurba v. U.S.*, 202 F.R.D. 590, 591 (N.D. Ill. 2002)(treating physician is not considered a retained expert for purposes of Rule 26(a)(2) and thus need not submit a report, if his testimony is based on observations made during the course of treatment, the testimony was not "acquired or developed in anticipation of litigation or for trial," and the testimony is based on personal knowledge)(citations omitted). The *Zurba* court further explained, "[p]ut another way, it is only when the treating physician gives opinions beyond the scope of his own observation and treatment that he is considered a 'retained' expert for purposes of Rule 26(a)(2)." 202 F.R.D. at 592. As noted above, Plaintiff's doctors will not give testimony beyond the scope of their own observation and treatment.

Defendant states that it seeks "to ensure that Plaintiff is not permitted to use the

3

physicians to testify as to their diagnosis, treatment regimens, or causation, all of which are matters based on their 'specialized knowledge' and therefore matters falling within the scope field [sic] of 'expert testimony.'" (Defendant's Motion p. 3) Defendant's contention that such testimony would transform her treating physicians into experts should be rejected. The fact that a treating doctor proposes to give an opinion regarding the causation of the patient's injury does not by itself make the physician a retained expert for purposes of Rule 26(a)(2). *Zurba*, 202 F.R.D. at 592. "Indeed, it is common for a treating physician to consider his patient's prognosis as well as the cause of the patient's injuries." *Zurba*, 202 F.R.D. at 592 (citing cases); *see also Finney-Seymour v. United Parcel Service of America, Inc.*, 2001 U.S. Dist. Lexis 4656, at *1 (D.Vt. Jan. 22, 2001)("Developing an opinion as to the cause of the patient's injury based on a physical examination … is 'a necessary part of treatment' and does not make the treating physician an expert.")

In sum, Plaintiff's physicians will only testify about observations they made and opinions they developed during the course of their treatment of Plaintiff. They are not retained experts under Rule 26(a)(2), and, therefore should not be excluded under Rule 37(c)(1).

**IV.    Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine to Bar Expert Testimony in its entirety.

Respectfully submitted,

Dated: February 6, 2008            */s/Jill Weinstein*
                                    Pedersen & Weinstein LLP
                                    309 W. Washington, Suite 1200
                                    Chicago, Illinois 60606
                                    (312) 855-1200 phone
                                    (312) 855-1207 fax

                                    jweinstein@pwllp.com

4

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 6, 2008, a copy of the foregoing *Plaintiff's Response in Opposition to Defendant's Motion to Bar Expert Testimony* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John P. Morrison
Margaret Colman Curtiss
Bell, Boyd & Lloyd
70 W. Madison
Suite 3100
Chicago, Illinois 60602
(312) 807-4258 phone
(312) 827-8134 fax
jmorrison@bellboyd.com
mcurtiss@bellboyd.com


                                        s/*Jill Weinstein*
                                        Jill Weinstein



Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL 60606
(312) 855-1200
(312) 855-1207 (facsimile)